FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAR 0 6 2013 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>– against –<br><br>JOHN HONOR,<br><br>                Defendant. | 12-CR-044<br><br>Statement of Reasons Pursuant to<br>18 U.S.C. § 3553(c)(2) |

**JACK B. WEINSTEIN, Senior United States District Judge:**

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the Sentencing Guidelines referred to in Section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from that provided by the Guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in a statement of reasons form." *Id.* Even though the Guidelines are now "advisory" rather than mandatory, *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the Guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments' and that it has a 'reasoned basis for exercising [its] own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (en banc) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (alterations in original).

1

On January 23, 2012, John Honor plead guilty to Counts One and Two of a two-count information. Count One charged that between March 2010 and August 2011, defendant conspired to defraud the Internal Revenue Service ("IRS"), by obtaining, and aiding others to obtain, the payment of false, fictitious and fraudulent tax refunds, in violation of 18 U.S.C. § 286. Count Two charged that between March 2010 and August 2011, defendant, being a Postal Service employee, embezzled letters and packages and mail, specifically, envelopes, which came into his possession intended to be conveyed by mail, containing tax refund checks issued by the IRS, in violation of 18 U.S.C. § 1709.

Honor was sentenced on February 22, 2013. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere and the factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264–65 (E.D.N.Y. 2004) (describing the value of video recording for the review of sentences on appeal).

The court finds the total offense level to be 21 and defendant's criminal history to be category I, yielding a guidelines range of imprisonment of between 37 and 46 months. Count One carried a statutory maximum term of imprisonment of 10 years. 18 U.S.C. § 286. Count Two carried a statutory maximum term of imprisonment of 5 years. 18 U.S.C. § 1709. The guidelines range of fine was from $7,500 to $75,000. U.S.S.G. § 5E1.2(c)(3). The statutory maximum fine was $250,000. 18 U.S.C. §§ 3571(a) and 3571(b)(3).

Restitution to victims of an offense against property, including any offense committed by fraud or deceit, is mandatory. *See* 18 U.S.C. § 3663A. "If the court finds that more than 1 defendant has contributed to the loss of a victim, the court may make each defendant liable for

payment of the full amount of restitution or may apportion liability among the defendants to reflect the level of contribution to the victim's loss and economic circumstances of each defendant." 18 U.S.C. § 3664(h).

Restitution was ordered in the amount of $200,000, payable at ten percent of net income after taxes, beginning six months after defendant is released from prison. Defendant consented to this amount in restitution.

In light of the defendant's age, 52, and the heavy economic burdens faced by him, it is unlikely that he will ever be able to pay more than $200,000. He was terminated from his job as of January 4, 2012 as a result of the instant offense. The defendant will no longer be able to serve in the Postal Service. He will not receive a government pension because of his resignation from the Postal Service. He currently has no assets and receives support from his daughter, and from a close friend with whom he lives.

Honor was sentenced to six months incarceration and three years' supervised release. A $200 special assessment payable forthwith was imposed. No fine was imposed because the defendant does not have any assets, and it is unlikely that he will have any in the future to pay a fine. The defendant is subject to forfeiture in the amount of $1,000 payable forthwith.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court imposed a non-guideline sentence under 18 U.S.C. § 3553(a) and *Booker.*] 18 U.S.C. § 3553(e).

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). The offenses to which the

defendant pled guilty are serious. They pertain to his role in a broader scheme involving the submission of fraudulent Federal Personal Income Tax Returns containing a combination of improperly obtained Social Security numbers of Puerto Rican residents and false mailing addresses in New York City. Defendant's role was to intercept any letters from the IRS that were addressed to individuals whom he did not recognize as legitimate residents on his mail route and provide them to other people in the scheme. The investigation by the Federal Bureau of Investigation ("FBI") revealed that defendant's role was minimal in relationship to the overall scheme, but vital to the scheme's success.

Other considerations support the imposition of a non-Guidelines sentence. Defendant served in the United States Army beginning in 1980, and was honorably discharged in 1990. He was promoted to the rank of Sergeant. While in the army, he earned the Army Achievement Medal, a Professional Development Ribbon, a Good Conduct Medal, a Service Ribbon, as well as a Badge Rifle, given to expert marksman. He obtained his General Educational Development Diploma ("GED"), as well as approximately five college credits while enlisted in the army. Upon his return from the army, defendant was actively involved in raising his daughter, with whom he still maintains a close relationship. Prior to his arrest, defendant worked as a mail carrier for the United States Postal Service for approximately 17 years. Besides for the instant offense, he has no criminal history.

Defendant had a difficult upbringing. He lived with his maternal grandparents in Orville, Alabama. His parents were not married, and he has never had a relationship with his father. At age 12, his grandmother died, and he went to live with his aunt and uncle who lived in Orville as well. The summer after he turned 16, defendant's uncle from New York came to visit and brought him back to live with his mother in Brooklyn. There, defendant attended the George

Westinghouse Career and Technical Education Center from September 1976 to November 1979. He completed the 11th grade, and ended his education in the middle of the 12th grade due to an illness suffered by his mother, which kept her from working and supporting herself, and in the anticipation of the birth of his daughter.

A sentence of six months incarceration, and three years' supervised release reflects the seriousness of the offense and will promote respect for the law and provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message to mail carriers that any involvement in similar tax fraud conspiracies will result in a prison sentence. Specific deterrence is achieved through incapacitation, restitution, forfeiture, and the impact of this conviction on defendant's employability. It is unlikely that he will engage in further criminal activity in light of his acceptance of responsibility, and remorse for his actions.

_____
Jack B. Weinstein
Senior United States District Judge

Dated: February 27, 2013
Brooklyn, New York